IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                  CAUSE NO. 3:22-cr-109-DPJ-FKB-1

TERRY GRASSAREE                                                                           DEFENDANT

REPLY TO GOVERNMENT'S
RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

COMES NOW, Terry Grassaree ("Grassaree"), defendant, and files this REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS as follows:

1. The Government Response sets out what it considers to be the facts and procedural history. Grassaree has nothing to add to this in reply except as may be found below. He reaffirms his intention to furnish the court copies of the discovery documents referenced in the Motion to Suppress *in camera* by sealed exhibit, or at any hearing held on the motion. He requests the court direct the method of filing or production of any exhibits.

2 The Government asserts that Grassaree has failed to meet his burden of proof. Grassaree acknowledges that he has the burden of proving that evidence was obtained in violation of his constitutional rights by a preponderance of the evidence. The Government then recites the standard for the good faith exception, applicable where an affidavit or warrant is later determined to be deficient as a matter of law. Grassaree agrees with the general statements made by the Government regarding this standard. However, he would point out that this case is not one involving an affidavit and warrant applied for by one officer and later the warrant is executed by a different officer. In the case before the court, the affidavit and search warrant were drafted by

1

Maurice Johnson, an investigator for the District Attorney. Presumably, once issued by the presiding judge, the warrant was sent by Johnson to Facebook or Meta via a web portal. There is no allegation it was served by different Government agents, who should have recognized any deficiency.

3. In ¶¶ 5-7 of the Motion to Suppress, Grassaree clearly has identified statements made by Johnson that are claimed to be false. The first was the identity of the source of the Exhibit to the Underlying Facts and Circumstances. Johnson claims it was furnished anonymously. The second false statement is the claim of Johnson that ER later authenticated it. There is nothing shown on this copy of two screenshots that identifies ER as the recipient. The provenance of this Exhibit was recently requested by Grassaree to be disclosed by the Government and it complied. It produced four screenshots, apparently previously withheld by Johnson. They clearly indicate their immediate provenance, and that provenance was not ER. This was withheld from the affidavit, as the immediate provenance of the photo was redacted without disclosure or explanation. If Johnson had the screenshots during the time he claims, the screenshots contained sufficient information to identify their source and begin an investigation. Johnson's Exhibit and statements, as presented, could have easily led the Circuit Judge to conclude there was a reason there had been no investigation, or a delayed investigation, as no clue existed as to where to start one. This was false and misleading, in the sense that the photo or screenshots were somewhat stale. In the Motion to Suppress, Grassaree pointed out that there were two interrogations of ER, prior to the request for the search warrant. The first was conducted by Johnson and the Exhibit was never mentioned. The second interrogation was conducted by a different investigator of the District Attorney, and again the Exhibit was never mentioned. Finally, in none of the Government

discovery does it appear documentation of any corroboration or authentication by anyone, including Johnson, until long after the warrant was issued and served. In that interrogation, the assigned FBI Agent had ER authenticate it. The fact that Johnson represented the Exhibit was received anonymously and was later authenticated by ER is the linchpin of corroboration that could support the finding of probable cause. Any issuing magistrate would have otherwise required some authentication or corroboration, rather than relying on the general accusations of a jail inmate. While ER could possibly be considered a victim for corroboration purposes, as the Government suggests, her general statements, standing alone, would not support a finding of probable cause.

Wherefore, premises considered, defendant prays for an evidentiary hearing and suppression of the items produced pursuant to the search warrant and all fruits thereof, and for such other or further relief the court may deem proper in the premises.

RESPECTFULLY SUBMITTED, this the 18th day of July 2023.

                                    TERRY GRASSAREE,
                                    DEFENDANT
                            BY:    S/GARY STREET GOODWIN
                                    HIS ATTORNEY

GOODWIN LAW FIRM
THE PLAZA BUILDING
501 7TH STREET NORTH, SUITE 10
POST OFFICE BOX 524
COLUMBUS, MISSISSIPPI 39703-0524
(662) 328-1101 TELEPHONE
(888) 418-6989 FACSIMILE
goodwinlawfirm@bellsouth.net
MSB # 4900

CERTIFICATE OF SERVICE

I, the undersigned, Gary Street Goodwin, attorney of record for DEFENDANT, do hereby certify that I have electronically filed the foregoing document with the Clerk of this Court using the ECF system which will send notification of such filing to counsel who have electronically registered with the Court in this cause.

So certified, this the 18th day of July 2023.

s/ GARY STREET GOODWIN