UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                        CRIMINAL NO. 3:22-CR-109-DPJ-FKB

TERRY GRASSAREE

ORDER

Defendant Terry Grassaree asks the Court to suppress all evidence obtained in response to a search warrant for Grassaree's Facebook account history.  Mot. [35].  As explained below, Grassaree's motion is denied.

I.     Facts and Procedural History

Grassaree was the Sheriff of Noxubee County, Mississippi, in 2018 and 2019, when E.R. was a pretrial detainee at the Noxubee County Jail.  The Government alleges that Grassaree solicited nude photographs from E.R. over Facebook Messenger while she was housed at the jail "in exchange for favorable official action."  Superseding Indictment [40] ¶ 6.  Grassaree is charged with two counts of wire fraud, two counts of altering or concealing evidence with intent to obstruct an investigation, and one count each of using facilities in interstate commerce with intent to commit bribery and making false statements to federal law enforcement.

Relevant here, in December 2019, Maurice Johnson, an investigator with the Noxubee County District Attorney's office, obtained a search warrant for Grassaree's Facebook account. The affidavit Johnson submitted with his application for the search warrant stated that, in March 2019, he received from an anonymous source two screenshots of an apparent Facebook Messenger exchange between Grassaree and a third party.  In that exchange, Grassaree asked for "a video" and told the third party "If you ever need anything just let me know."  Search Warrant

[36-1] at 4.  Johnson later interviewed E.R., who "authenticated the screenshots as being a conversation that she had with Terry Grassaree through Facebook Messenger."  *Id.* at 3.  E.R. explained that "Grassaree would request nude pictures and videos of her to be sent over Facebook Messenger to be sent him in allowing her to keep [a] cell phone."  *Id.*

Grassaree says that Johnson's affidavit contains "statements [that] are materially misleading at the least, and at best false."  Mot. [35] ¶ 5.  Specifically, Grassaree says that Johnson did not receive the screenshots anonymously; he says Johnson knew the screenshots' sender.  And he contends that if the "misrepresentations or false statements" were removed from the affidavit, what was left would not have provided probable cause sufficient to justify the search warrant's issuance.  *Id.* ¶ 7.

II.    Analysis

Under *Franks v. Delaware*,

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.  In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. 154, 155–56 (1978).  The Government factually disputes whether Johnson's affidavit contained a false statement, but that doesn't matter because even if Johnson lied about the screenshots being sent to him anonymously, the "affidavit's remaining content is []sufficient to establish probable cause."  *Id.* at 156.

Probable cause for a search "exists when 'there is a fair probability that . . . evidence of a crime will be found in a particular place.'"  *United States v. Grubbs*, 547 U.S. 90, 95 (2006)

2

(quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  Johnson's affidavit details that E.R. told him that "Grassaree would request nude pictures and videos of her to be sent over Facebook Messenger to be sent him in allowing her to keep the cell phone."  Search Warrant [36-1] at 3.  This statement alone suggests a "fair probability" that Grassaree's Facebook account history would yield evidence of a crime.  *Grubbs*, 547 U.S. at 95.

Grassaree says that E.R.'s statement is not entitled to the presumption of credibility afforded victims because E.R.'s willingness to send him nude photos and engage in consensual sex with deputies shows she was not really a victim.  *See United States v. Mahler*, 442 F.2d 1172, 1174 (9th Cir.) ("Nor, when the informant is the victim of the crime, need it be shown by other facts, that she is a reliable informant."), *cert. denied*, 409 U.S. 993 (1971).  The Government factually rebuts the argument that E.R. was not a victim:  "While she was in jail, the Sheriff—one of the most powerful figures in Noxubee County—requested nude photos from her and stood idly by as his deputies took advantage of her sexually and victimized her under his watch."  Gov't Supp. Mem. [51] at 4.  But whether or not E.R. can be fairly considered a victim, the screenshots Johnson received corroborate her statement, even if Johnson was untruthful about how he got them.

In sum, probable cause existed to justify the issuance of the search warrant.  Grassaree has not made a substantial preliminary showing sufficient to justify a *Franks* hearing.

III.   Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  Grassaree's motion to suppress [35] is denied.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE